(15 Misc. Rep. 473.)

THOMMEN v. JEWELERS' & TRADESMEN'S CO. OF NEW YORK.

(City Court of New York, General Term. January 28, 1896.)

LIFE INSURANCE—FORFEITURE OF POLICY—SUICIDE.

Under a policy of life insurance which provides that "death of the member by his own hand" is not a risk assumed, and that the amount recoverable in such case shall be restricted to the assessments paid in and interest thereon at 6 per cent., the beneficiary cannot recover more than the amount of such assessments and interest where the assured shot himself, and eight days later died from the effects of the wound thus inflicted.

Appeal from trial term.

Action by Franciska Thommen against the Jewelers' & Tradesmen's Company of New York to recover under a life insurance policy. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before McCARTHY, FITZSIMONS, and BOTTY, JJ.

---

[1] The statute provides that service of papers on an attorney whose office is not open, and who has no office letter box, shall be made at his residence, on a person of suitable age and discretion.

Mooney & Shipman, for appellant.
Zeller & Miehling, for respondent.

FITZSIMONS, J.  The defendant is only liable to the plaintiff for risks assumed by its policy of insurance.  The ninth provision of said policy provides:  "Death of the member by his own hand, whether voluntary or involuntary, sane or insane, at the time, is not a risk assumed," etc.; but, in case of such, there shall be payable a sum equal to the amount of the assessments paid by said member with 6 per cent. interest.  It is therefore quite clear that, under said policy, suicide by the insured was not a risk assumed.  The evidence in this case shows that the insured shot himself, and died eight days subsequently, from the effects of such shot.  Therefore, he was a suicide, and under its policy the defendant was only required to repay the amount of the assessments paid in and 6 per cent. interest; and for that amount, only, was the plaintiff entitled to a verdict herein. The trial justice directed a verdict in favor of the plaintiff for $2,000 and interest.  Because of the reasons above stated, it was error for him to have done so.  He should only have directed a verdict for the assessments paid in and 6 per cent. interest thereon, as he was requested to do by the defendant's attorney.

Judgment reversed, with costs to the appellant to abide the event. All concur.